UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JAMES A. HARNAGE,             :
    Plaintiff,             :
                            :
    v.             :   Case No. 3:16cv1576(AWT)

                            :
INTERN SHARI, ET AL.,             :
    Defendants.             :

### RULING ON MOTION TO DISMISS

The plaintiff, James A. Harnage, is incarcerated at the Garner Correctional Institution in Newtown, Connecticut ("Garner"). He initiated this action on September 16, 2016 by filing a civil rights complaint asserting claims that medical staff members at MacDougall Correctional Institution ("MacDougall") and at the University of Connecticut Health Center ("UCONN") had ignored or failed to properly treat his hernia, constipation and hemorrhoid conditions. See Compl., ECF No. 1. The case is proceeding as to the Eighth Amendment claims asserted in the second amended complaint that Health Services Administrator Lightner, Drs. Pillai, O'Halloran and Naqvi, Physician Assistants McCrystal and Robert Bonetti, Licensed Practical Nurse Francis, Registered Nurse Greene, Nurse Miya/Mia and Medical Staff Members Lisa Candelario, Caroline Chouinard, Nikia Henderson, Melissa Lovely-Bombardier, James Shortridge,

Tawana Furtick, Cheryl Spano Lonis and Erin Dolan, in their individual capacities, were deliberately indifferent to the plaintiff's constipation and hemorrhoid conditions during his confinement at MacDougall from August 2012 to October 2004.  See Initial Review Order, ECF No. 34, at 19-20.[1]

The defendants have moved to dismiss the plaintiff's claim as barred by the statute of limitations to the extent it is based on allegations pertaining to the plaintiff's need for medical treatment for his constipation and hemorrhoid conditions during the period from August 2, 2012 to September 15, 2013. For the reasons set forth below, the motion is being denied.

## I.   Legal Standard

When ruling on a Rule 12(b)(6) motion to dismiss, the court "accepts as true all of the factual allegations set out in [the] complaint, draw[s] inferences from those allegations in the light most favorable to the plaintiff, and construes the complaint liberally." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (internal quotation marks and citation omitted).  In addition to the facts set forth in the complaint, the court may also consider documents either attached to the complaint or incorporated into

---

[1] This case has a somewhat extensive procedural history which is related in the Initial Review Order addressing the allegations asserted in the Second Amended Complaint.  See id. at 1-3.

it by reference, "and matters subject to judicial notice." New York Pet Welfare Ass'n, Inc. v. City of New York, 850 F.3d 79, 86 (2d Cir. 2017) (citation omitted).

To withstand a motion to dismiss, detailed factual allegations are not required, but "the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Thus, statements of the law and recitations of "the elements of a cause of action, supported by mere conclusory [allegations]," are not entitled to a presumption of truth. Id. at 678.

"Where ... the complaint was filed pro se, it must be construed liberally with 'special solicitude' and interpreted to

raise the strongest claims that it suggests." <u>Hogan v. Fischer</u>, 738 F.3d 509, 515 (2d Cir. 2013) (quoting <u>Hill v. Curcione</u>, 657 F.3d 116, 122 (2d Cir. 2011)).  Nevertheless, a <u>pro se</u> plaintiff's complaint must state a plausible claim for relief. <u>Id.</u> (citation omitted).

## II.  Factual Allegations

On August 2, 2012, the plaintiff began to suffer from severe constipation and was unable to regularly move his bowels without straining.  Second Am. Compl., ECF No. 33, at 4 ¶¶ 20-21.  He often experienced bleeding from his rectum, pain when attempting to move his bowels, and burps that tasted like fecal matter.  <u>Id.</u> ¶¶ 22-22.  The plaintiff submitted numerous Inmate Request forms to the defendants seeking treatment for constipation.  <u>Id.</u> at 5 ¶¶ 23-24.  Each defendant, except for Health Services Administrator Lightner, spoke to or met with the plaintiff in response to his requests for treatment for constipation.  <u>Id.</u> ¶ 25.  During these encounters, Physician Assistants McCrystal and Bonetti, Nurses Francis and Greene and Medical Staff Members Candelario, Chouinard, Henderson, Lovely-Bombardier, Miya/Mia, Shortridge, Furtick, Spano Lonis and Dolan informed the plaintiff that he needed to be seen by a physician.  <u>Id.</u>  The defendants failed to timely schedule the plaintiff to be seen by a physician and failed to provide effective or proper treatment for his

4

constipation symptoms during the period that he waited to be seen by a physician.  Id.

Drs. Pillai, O'Halloran and Naqvi eventually examined the plaintiff and prescribed medications to treat his constipation symptoms.  Id. ¶ 26.  The plaintiff did not immediately receive the prescribed medications.  Id.  He wrote to many medical staff members requesting that his medications be dispensed to him.  Id.

The plaintiff subsequently developed a large and bloody mass of hemorrhoids.  Id. ¶ 27.  The plaintiff submitted numerous Inmate Request forms to the defendants seeking treatment for this condition.  Id. ¶ 28.  Each defendant eventually met or spoke with the plaintiff in response to his requests for treatment.  Id. ¶ 29.  None of the defendants provided timely or effective treatment for the plaintiff's hemorrhoid condition.  Id.  As of January 2014, no defendant had physically examined the plaintiff to determine the severity of the condition.  Id. at 6 ¶ 30.

The mass became the size of a golf ball, protruded outside of the plaintiff's anal sphincter and caused the plaintiff pain.  Id. ¶¶ 32-33.  The mass interfered with the plaintiff's daily activities and his ability to bend, stoop, sit, squat, walk, exercise and urinate.  Id. at 7 ¶¶ 43-44.  The bleeding from the mass soiled the plaintiff's undergarments.  Id. at 6 ¶ 34.  He washed his undergarments by hand causing aggravation to a pre-

existing injury to his dominant hand.  Id. ¶ 35.

The plaintiff subsequently filed a state habeas petition seeking treatment for hemorrhoids.  Id. ¶ 31.  In response to an order entered in the habeas matter, Dr. David Giles, a surgeon at the University of Connecticut Health Center, physically examined the plaintiff.  Id.

On October 24, 2014, Dr. Giles performed surgery to correct the plaintiff's hemorrhoid condition.  Compl., ECF No. 1, at 13 ¶¶ 73, 75.  The plaintiff underwent a second surgical procedure in February 2016.  Id. at 13 ¶ 74; Second Am. Compl. at 8 ¶ 48.

## III. Discussion

In Connecticut, the three-year limitations period set forth in Conn. Gen. Stat. § 52-577 is applicable to claims asserted under section 1983.  See Lounsbury v. Jeffries, 25 F.3d 131, 132-34 (2d Cir. 1994) ("Since Congress did not enact a statute of limitations governing actions brought under § 1983, the courts must borrow a state statute of limitations.").  In determining whether an action is barred by the statute of limitations, a federal cause of action accrues "when the plaintiff knows or has a reason to know of the harm or injury that is the basis of the action." Hogan, 738 F.3d at 518 (internal quotation marks and citation omitted).

In an action filed under section 1983, courts "borrow not only a state's limitations period but also its 'tolling rules.'" Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (quoting Bd. of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)). Connecticut law permits tolling of the statute of limitations where there is a continuing course of conduct or fraudulent concealment of the cause of action by the defendants. See Macellaio v. Newington Police Dep't, 145 Conn. App. 426, 430, 75 A.3d 78, 82 (2013). The Connecticut Supreme Court has observed that "the continuing course of conduct doctrine reflects the policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied." Flannery v. Singer Asset Finance Co., LLC, 312 Conn. 286, 312, 94 A.3d 553, 569 (2014). After the plaintiff has discovered the harmful act or omission, "the continuing course of conduct doctrine" is not applicable to toll the limitations period. Rosato v. Mascardo, 82 Conn. App. 396, 405, 844 A.2d 893, 899 (2004).

The defendants move to dismiss the Eighth Amendment claim to the extent that it is based on the allegations that they were deliberately indifferent to plaintiff's constipation and hemorrhoid conditions from August 2012 to September 15, 2013 as barred by the three-year statute of limitations applicable to

section 1983 actions.  They contend that the plaintiff was aware
of his untreated constipation condition as of August 2012 and was
aware of his untreated hemorrhoid condition as of October 2012
but did not file this action until September 16, 2016.

Although the plaintiff concedes that he was aware of both
medical conditions and the lack of treatment provided by the
defendants for those conditions as of 2012, he has asserted facts
suggesting a continuing violation of his Eighth Amendment rights
by the defendants spanning a period from August 2012 to late
October 2014, when he underwent surgery to alleviate his
hemorrhoid condition.  The continuing violation doctrine has been
recognized by the Second Circuit as an "exception to the normal
knew-or-should-have-known accrual date."  Harris v. City of New
York, 186 F.3d 243, 248 (2d Cir. 1999).

In Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009),
the court held that "the continuing violation doctrine" is
applicable to a prisoner's challenge to "a series of acts that
together comprise an Eighth Amendment claim of deliberate
indifference to serious medical needs."  Id. at 182.  A plaintiff
who seeks to invoke the continuing violation doctrine in order to
toll the statute of limitations "must allege both the existence
of an ongoing policy of deliberate indifference to his or her
serious medical needs and some non-time-barred acts taken in the

furtherance of that policy." Id. (internal quotation marks and alterations omitted).

The plaintiff has alleged facts to suggest that the defendants engaged in a continuing course of conduct by denying him or delaying his access to medical treatment, including medication to alleviate his symptoms of pain and severe constipation, as well as physical examinations and evaluations and surgical intervention for his debilitating hemorrhoid condition, from August 2012 to October 2014. These facts state a plausible claim of a continuing violation of the plaintiff's Eighth Amendment rights by the defendants in the form of deliberately denying and delaying the provision of treatment for his serious medical conditions not only within the three-year period preceding the filing of the complaint in September 2016 but also during the year preceding the beginning of the limitations period. See, e.g., Shomo, 579 F.3d at 182 (affirming district court's application of the continuing violation doctrine where the plaintiff's complaint "allege[d] a policy of doctors and prison staff disregarding treatment recommendations"); Lehal v. United States, No. 13CV3923 (DF), 2015 WL 9592706, at *16 (S.D.N.Y. Dec. 29, 2015)("In this case, Plaintiff has alleged a continuing violation in the form of a continued failure by Blanchette and CFDFC to provide him with surgery . . . [or]

9

physical therapy, despite recommendations that he be afforded
such care, and "repeated requests" that he receive treatment.");
JCG v. Ercole, No. 11cv6844 (CM)(JLC), 2014 WL 1630815, at *11
(S.D.N.Y. Apr. 24, 2014) (denying motion to dismiss on timeliness
grounds where the complaint sufficiently alleged a continuing
violation by asserting a "continuous series of events giv[ing]
rise to a cumulative injury" for the duration of the plaintiff's
time at a detention facility, "extending into the relevant
statutory time period"), report and recommendation adopted, 2014
WL 2769120 (S.D.N.Y. June 18, 2014).  Because the running of the
statute of limitations is tolled by the continuing violation
doctrine as to the allegations that the defendants were
deliberately indifferent to plaintiff's constipation and
hemorrhoid conditions from August 2012 to September 15, 2013, the
motion to dismiss is being denied.

**IV.  Conclusion**

     The Motion to Dismiss (ECF No. 70) the plaintiff's Eighth
Amendment claim to the extent it is based on conduct that
occurred prior to September 16, 2013 is hereby DENIED.

It is so ordered.

Signed this 4th day of September, 2020, at Hartford,

Connecticut.

_____/s/ AWT_____
Alvin W. Thompson
United States District Judge